Leda Dunn Wettre
lwettre@rwmlegal.com
Michael Gesualdo
ROBINSON, WETTRE & MILLER LLC
One Newark Center
19th Floor
Newark, NJ 07102
973-690-5400

John J. Regan
Anna E. Lumelsky
Jennifer Unter
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
617-526-6000

Christopher R. Noyes
WILMER CUTLER PICKERING
HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007

*Attorneys for Plaintiff*
Braintree Laboratories, Inc.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRAINTREE LABORATORIES, INC., | Civil Action No 3:11-cv-01341 (PGS) (LHG) |
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION TO SEAL** |
| NOVEL LABORATORIES, INC., | |
| Defendant. | |

ActiveUS 101600209v.1

**THIS MATTER** having come before the Court by Robinson, Wettre & Miller LLC and Wilmer Cutler Pickering Hale & Dorr LLC, counsel for plaintiff Braintree Laboratories, Inc. ("Braintree"), for the entry of an Order directing the filing of documents under seal pursuant to Local Civil Rule 5.3(c); the Court makes the following findings of fact and conclusions of law, pursuant to Local Civil Rule 5.3(c)(5):

1. The Court finds that there is an Amended Stipulated Discovery Confidentiality Order, entered by the Court on December 7, 2011 ("Confidentiality Order"), providing for the confidential treatment of certain sensitive business documents produced in the litigation that are designated "Confidential," "Attorneys' Eyes Only," or "Outside Counsels' Eyes Only" by the producing party.

2. The Court further finds that the documents plaintiff Braintree seeks to have sealed were designated "Confidential," "Attorneys' Eyes Only" or "Outside Counsels' Eyes Only" by defendant Novel Laboratories, Inc. ("Novel") or by plaintiff Braintree and pursuant to the Confidentiality Order.

3. The Court agrees that the information sought to be sealed appears to contain sensitive business information or confidential patient information of plaintiff Braintree and/or defendant Novel that is not known by the general public.

4. The Court further finds that revealing to the public and to Braintree's and Novel's competitors the confidential business information sought to be sealed would injure Braintree's and/or Novel's business interests.

5. Accordingly, the Court finds that good cause exists to seal the documents at issue under the considerations set forth in *Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994) and Local Civil Rule 5.3(c)(2).

IT IS, on this 4th day of November, 2012

**ORDERED** that plaintiff Braintree's Motion to Seal the following documents filed in support of plaintiff's Motion for Summary Judgment on Defendant's Third, Fourth and Fifth Counterclaims ("Counterclaims Motion"), and Plaintiff's Motion for Partial Summary Judgment of Infringement ("Infringement Motion"), pursuant to Local Civil Rule 5.3(c):

- Portions of Braintree's Counterclaims Motion, filed on October 3, 2012, referencing Confidential Exhibits 2 and 10 and marked "Confidential" and "Outside Counsels' Eyes Only" by Novel pursuant to the Amended Stipulated Discovery Confidentiality Order ("Confidentiality Order") entered by this Court on December 7, 2011 as Docket Entry # 65. This document contains confidential Novel information related to Novel's Abbreviated New Drug Application.

- Portions of Braintree's Infringement Motion, filed on October 3, 2012, referencing Confidential Exhibits 2, 4-7, 10, 12-13, and 15-17 and marked "Confidential," "Attorneys' Eyes Only," or "Outside Counsels' Eyes Only" by Braintree or Novel pursuant to the Confidentiality Order. This document contains confidential Novel information.

- Exhibit 2 to the Lumelsky Declaration, which is a true and correct copy of selected portions of Novel's ANDA for Sodium Sulfate, Potassium Sulfate and Magnesium Sulfate Oral Solution, ANDA # 202511, within the Bates production number range of NOV0000001-NOV0000755, and marked "Confidential" by Novel pursuant to the Confidentiality Order. This document contains confidential Novel information.

- Exhibit 4 to the Lumelsky Declaration, which is a true and correct copy of excerpts from the transcript of the deposition of Hema Balachandra, taken March 21, 2012, and marked "Attorneys' Eyes Only" by Novel pursuant to the Confidentiality Order. This document contains confidential Novel information.

- Exhibit 5 to the Lumelsky Declaration, which is a true and correct copy of excerpts from the transcript of the deposition of Scott Talbot, taken April 23, 2012, and marked "Outside Counsels' Eyes Only" by Novel pursuant to the Confidentiality Order. This document contains confidential Novel information.

- Exhibit 6 to the Lumelsky Declaration, which is a true and correct copy of excerpts from the transcript of the deposition of James Garegnani, taken March 30, 2012, and marked "Outside Counsels' Eyes Only" by Novel pursuant to the Confidentiality Order. This document contains confidential Novel information.

- Exhibit 7 to the Lumelsky Declaration, which is a true and correct copy of Defendant's Objections and Responses to Braintree Laboratories, Inc.'s Second Amended First Set of Requests for Admission to Defendant Novel Laboratories, Inc., served May 4, 2012, and marked "Attorneys' Eyes Only" by Novel pursuant to the Confidentiality Order. This document contains confidential Novel information.

- Exhibit 10 to the Lumelsky Declaration, which is a true and correct copy of excerpts from the transcript of the deposition of Dr. Veerappan

Subramanian, taken April 30, 2012, and marked "Outside Counsels' Eyes Only" by Novel pursuant to the Confidentiality Order. This document contains confidential Novel information.

- Exhibit 12 to the Lumelsky Declaration, which is a true and correct copy of excerpts from the transcript of the deposition of Dr. David S. Goldfarb, taken September 14, 2012, and marked "Confidential" by Novel pursuant to the Confidentiality Order. This document contains confidential Novel information.

- Exhibit 13 to the Lumelsky Declaration, which is a true and correct copy of excerpts from the transcript of the deposition of Dr. John Johanson, taken September 6, 2012, and marked "Confidential" by Novel pursuant to the Confidentiality Order. This document contains confidential Novel information.

- Exhibit 15 to the Lumelsky Declaration, which is a true and correct copy of the Rebuttal Expert Report of David S. Goldfarb, M.D., dated July 20, 2012, and marked "Confidential" by Novel pursuant to the Confidentiality Order. This document contains confidential Novel information. This document also contains confidential Braintree information related to clinical trials and research. This information is not available to the public or competitors.

- Exhibit 16 to the Lumelsky Declaration, which is a true and correct copy of patient records, in the clinical study No. BLI-800-303, bearing the Bates production numbers BRTSUP00084284-BRTSUP00084308, and

marked "Outside Counsels' Eyes Only" by Braintree pursuant to the Confidentiality Order. This document contains confidential patient information. This information is not available to the public or competitors.

- Exhibit 17 to the Lumelsky Declaration, which is a true and correct copy of patient records, in the clinical study No. BLI-800-303, bearing the Bates production numbers BRTSUP00084493-BRTSUP00084517, and marked "Outside Counsels' Eyes Only" by Braintree pursuant to the Confidentiality Order. This document contains confidential patient information. This information is not available to the public or competitors.

- Plaintiff's Rule 56.1 Statement in Support of Partial Summary Judgment of Infringement, referencing Confidential Exhibits 2, 4-7, 10, 12-13, and 15-17, marked "Confidential," "Attorneys' Eyes Only," or "Outside Counsels' Eyes Only" by Braintree or Novel pursuant to the Confidentiality Order. This document contains confidential Novel information.

- Portions of the Expert Declaration of Dr. Peura in Support of Partial Summary Judgment of Infringement, referencing Confidential Exhibits 2, 4-7, 10, and 12-13, marked "Confidential," "Attorneys' Eyes Only," or "Outside Counsels' Eyes Only" by Novel pursuant to the Confidentiality Order. This document contains confidential Novel information.

So Ordered this 5th day of November, 2012

ActiveUS 101600209v.1

_____
Hon. Lois Goodman, U.S.M.J.